

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/10/2020

| | | |
|---|---|---|
| IN RE: | § | |
| USA PROMLITE TECHNOLOGY INC | § | CASE NO: 18-36893 |
|     Debtor | § | |
| | § | CHAPTER 7 |
| | § | |
| _____ | § | |
| USA PROMLITE TECHNOLOGY, INC. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 19-3331 |
| | § | |
| AMERICAN FIRST NATIONAL BANK, *et al* | § | |
|     Defendants | § | |

**MEMORANDUM OPINION & ORDER**
**<u>GRANTING MOTION FOR RECONSIDERATION</u>**
*Resolving ECF No. 14*

    Pending before the Court is American First National Bank's ("*AFNB*") "Motion for Reconsideration of the State Court's Order Granting Summary Judgment" ("*Motion*").[1]   On November 15, 2019, the Court held a hearing on AFNB's Motion.[2]   AFNB's Motion asks this Court to reconsider the state court's granting of summary judgment in favor of the City, on the basis that AFNB had no standing to pursue the breach of contract claim it had asserted against the City as both a secured creditor and an assignee of USA Promlite Technology, Inc. ("*Promlite*").[3]   After hearing arguments and consulting briefings and case law, this Court concludes that AFNB's Motion should be granted.

    This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[4]   This Court may only hear a case in which venue is proper.  Venue is governed by 28 U.S.C. §§ 1408, 1409.  Here, venue is proper because the Court presides over the underlying bankruptcy case.  Finally, this Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.[5]   This Court may not issue a final order or judgment in matters that are within the exclusive authority of Article III courts.[6]   This Court however, may issue interlocutory orders, even in proceedings in which the Court does not have authority to issue a final judgment.[7]

---

[1] ECF No. 14.
[2] ECF No. 32.
[3] ECF No. 14.
[4] *In re*: Order of Reference to Bankruptcy Judges, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[5] *Stern v. Marshall*, 564 U.S. 462, 473–75 (2011).
[6] *Id.* at 502–03.
[7] *In re ATOM Instrument Corp.*, 478 B.R. 252, 255 (Bankr. S.D. Tex. 2012).  The Advisory Committee Notes to Rule 60(b) of the Federal Rules of Civil Procedure explain that "interlocutory judgments are not brought within the

Because the state court summary judgment—which underlies the Motion—is interlocutory,[8] this Court's Order on the Motion is an interlocutory order.[9]   Thus, this Court has the authority to decide the Motion.  Interlocutory state court orders are kept in full force and effect upon removal of a case to federal court by § 1450, which in pertinent part states:

> Whenever any action is removed from a state court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action shall remain in full force and effect *until dissolved or modified by the district court*.[10]

Essentially, the prior state court order becomes federalized upon removal.[11]   Once removed, the federal court accepts the case in its current posture "as though everything done in state court had in fact been done in federal court."[12]   And under *Erie*, federal courts apply state substantive law to any issue or claim which has its source in state law, and federal procedural law to the proceedings.[13]

Although there is no specific provision for a motion to reconsider under the Federal Rules of Civil Procedure, a motion to reconsider may be brought under either Rule 54(b) or Rule 59(e).[14]   Whereas Rule 59(e) applies only to final judgments and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits a district court to reconsider and reverse its decision for any reason.[15]   "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[16]

When a district court applies the more stringent Rule 59(e) standard in denying a motion to reconsider an interlocutory order, it must be vacated and remanded for the district court to reconsider the motion for reconsideration under the more flexible Rule 54(b) standard.[17]   Here, because the state court's summary judgment did not dispose of all parties and all claims, it is not a final judgment, and is thus interlocutory.[18]   As such, the Court will address the Motion under

---

[8] restrictions of this rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." FED. R. CIV. P. 60(b) advisory committee's note.

[8] *See infra.*

[9] *In re ATOM Instrument Corp.*, 478 B.R. at 255; *see West v. WRH Energy Partners LLC* (*In re Noram Res., Inc.*), 2011 WL 6936361, at *1 (Bankr. S.D. Tex. Dec. 30, 2011) (stating that interlocutory motion does not implicate constitutional limitations on a court's authority).

[10] 28 U.S.C. § 1450 (emphasis added); *see also Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988).

[11] *Nissho-Iwai American Corp.*, 845 F.2d at 1303.

[12] *Id.* (citing *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937)).

[13] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437 (1974).

[14] *Trevino v. Select Portfolio Servicing, Inc.* (*In re Trevino*), 599 B.R. 526, 535 (Bankr. S.D. Tex. 2019).

[15] *Id.*

[16] *Id.* (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017)).

[17] *Austin*, 864 F.3d at 337.

[18] *See* ECF Nos. 14-3, 14-5; *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 730 (5th Cir. 2011) (holding that state court's partial summary judgment orders were not final judgments).

Rule 54(b) and not Rule 59(e). And under Rule 54(b), the Court finds that—at least in this stage of the Adversary Proceeding—the Motion should be granted.

Promlite filed a chapter 11 bankruptcy petition on December 6, 2018.[19] On March 5, 2019, Promlite initiated the instant Adversary Proceeding by filing a Notice of Removal and attaching the state court documents.[20] On April 5, 2019, AFNB filed the Motion before this Court, asking for this Court to reconsider the state court's summary judgment order.

The Court, in reviewing the state court record, cannot discern the state court's reasoning as to why it granted summary judgment for the City. The record before the Court shows that on November 20, 2013, Promlite entered into a written contract with the City for the management of its energy use (the "*Contract*").[21] Under the Contract, the City agreed to pay Promlite $4,141,444.47 in installment payments in exchange for removing the City's existing light and replacing them with LED lights and related equipment.[22] Promlite's performance was financed by a $1,800,000 loan it received from AFNB on October 2, 2014.[23] To secure AFNB's loan, Promlite granted AFNB a security interest in the Contract, including the right of payment from the City, and the "right at any time to enforce [Promlite's] rights against account debtors and obligors."[24] AFNB purportedly perfected its security interest in the energy management contract.[25] In addition to the alleged Contract, Promlite and AFNB executed an addendum and partial assignment to the security agreement on June 11, 2018, which stated:

> "Promlite hereby transfers and assigns to AFNB and AFNB hereby accepts, a partial assignment of Promlite's right, title, and interest in its claims and causes of action to enforce and collect payments due Promlite pursuant to the terms of the [Contract] up to the outstanding balance owed by Promlite to AFNB with respect to the loan.[26]

Article 9 of the Uniform Commercial Code ("*UCC*")—as adopted in the Texas Business and Commerce Code—applies to any "transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract."[27] Under § 9.607, in the case of a default, a secured party has the right to collect payment and enforce the contract directly against the account obligor.[28] The official comments to the UCC "explicitly provides for the secured party's enforcement of the debtor's rights in respect of the account debtor's (and other third parties') obligations;" and "include the right to enforce claims that the debtor may enjoy against others."[29] Further, under Texas law, a claim can be partially assigned.[30] An assignee of a claim has

---

[19] Bankr. ECF No. 1.
[20] ECF No. 1-11.
[21] ECF No. 11-6 at 23.
[22] *Id.*
[23] ECF No. 11-11 at 38.
[24] ECF No. 14-4 at 76.
[25] *Id.* at 86.
[26] *Id.* at 99.
[27] TEX. BUS. & COM. CODE § 9.109.
[28] *Id.* at § 9.607(a)(3).
[29] U.C.C. §9-607, Official Comment 3.
[30] *See Insurance Network of Texas v. Kloesel*, 266 S.W.3d 456, 465 (Tex.App.–Corpus Christi-Edinburg 2008, pet.

standing to maintain a breach of contract claim.[31]

Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the estate upon the filing of the bankruptcy petition.[32]   The bankruptcy trustee, as representative of the bankruptcy estate, is the only party with standing to prosecute causes of action that belong to the estate once the petition has been filed.[33]   However, with the record before it, the Court is not convinced at this stage of the litigation that Promlite's breach of contract claim belongs solely to the estate.  The Court finds that AFNB has standing to remain in this Adversary Proceeding.  As such, it is therefore:

**ORDERED** that AFNB's Motion[34] is GRANTED.


SIGNED 01/10/2020.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

denied)
[31] *Republic Petroleum LLC v. Dynamic Offshore Resources NS LLC*, 474 S.W.3d 424, 430 (Tex.App.–Houston [1st Dist.] 2015, pet. denied).
[32] *See* 11 U.S.C. § 541; *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008).
[33] *Kane*, 535 F.3d at 385.
[34] ECF No. 14.